# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIC SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ASPEN PRODUCTS, INC.<br><br>    Defendant. | Civil Action No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Eric Smith (hereinafter "Plaintiff Smith"), and files this, his Complaint for Damages against Defendant Aspen Products Inc. (hereinafter "Defendant Aspen Products"), showing the Court the following:

## INTRODUCTION

Defendant Aspen Products acted with reckless disregard of Plaintiff Smith's federally protected rights under the Americans with Disabilities Act when it denied him the reasonable accommodation of six additional weeks of leave. Nearing the expiration of his FMLA leave, Plaintiff Smith requested a reasonable accommodation of an additional leave until his next doctor's appointment. This additional leave was necessary for him to recover from a back surgery that would allow him to perform him essential job functions and overcome the limitations imposed by his disability.

In terminating his employment upon expiration of his twelve weeks of FMLA leave, Defendant Aspen Products recklessly disregarded Plaintiff Smith's rights under the Americans with Disabilities Act and denied him a reasonable accommodation.

Had Defendant Aspen Products reasonably accommodated Plaintiff Smith by modifying its leave policy and providing Plaintiff Smith additional leave until his next doctor's appointment, Plaintiff Smith would have been able perform the essential functions of his job as of June 10, 2025. Defendant Aspen Products violated the Americans with Disabilities Act because it refused to engage in the interactive process, denied Plaintiff Smith's reasonable accommodation, and terminated Plaintiff Smith's employment because of his disability.

## THE PARTIES

1. Plaintiff Smith is a former employee of Defendant Aspen Products. He is a citizen of the State of Georgia who resides at 2648 Kent Drive, Macon, Georgia 31206.

2. Defendant Aspen Products is a Missouri corporation with a principal place of business at 4231 Clary Boulevard, Kansas City, MO, 64130.

3. Defendant Aspen Products employs more than fifteen people.

4. Defendant Aspen Products may be served via its registered agent, C T Corporation System at 289 S Culver St, Lawrenceville, GA, 30046-4805.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the ADA.

6.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant Aspen Products is located in this judicial district through its registered agent.

7.      This Court has personal jurisdiction over Defendant Aspen Products because it has offices, a principal place of business, registered agent, and other locations in this District and transacts significant business in this District.

8.      All conditions precedent to the institution of this suit have been fulfilled. On May 14, 2025, Plaintiff Smith timely filed a charge with the Equal Employment Opportunity Commission, Charge No. 410-2025-09290. The EEOC issued the Notice of Right to Sue on November 21, 2025. Plaintiff Smith filed this action within ninety days of receipt of said Notice.

## FACTUAL ALLEGATIONS

9.      Defendant Aspen Products employed Plaintiff for more than two years to perform janitorial duties for the company.

10.     Plaintiff Smith was a good employee who received written discipline only once in his multiple years of tenure with Defendant.

11. Plaintiff Smith developed a disability because of compression in his lumbar spine at L4/L5, which began touching his nerves.

12. Plaintiff Smith's back conditions substantially limited his ability to walk, bend, sleep, and also to lift, push, or pull objects. His back conditions also substantially limited the operation of his major bodily functions, such as his motor function, and his bodily systems, including his nervous system, musculoskeletal system.

13. Plaintiff's Smith's orthopedist diagnosed him with degenerative disc disease, lumbar radiculopathy, lumbar spondylolistheses, and lumbar stenosis.

14. Plaintiff Smith underwent spinal injections, but the injections did not improve his bodily functions.

15. There came a point in 2025 when Plaintiff Smith's doctor took him out of work until he had a surgery called a laminectomy, fomamintomy, and posterior spinal fusion at L4/L5.

16. Plaintiff Smith started leave due to his back disability on March 1, 2025.

17. Plaintiff Smith told Defendant Aspen Products repeatedly about his back conditions, his needed surgery, that he wanted to return to work, and that he expected to be released to work at his June doctor's appointment.

18. Plaintiff spoke with Defendant's human resources representative who told him that his time on FMLA was running out. Plaintiff explained that he went back to the doctor in June and expected that his doctor would release him to work at that point.

19. Soon after requesting leave until his next doctor's appointment, Plaintiff received a letter in the mail from Defendant stating that Plaintiff quit.

20. On May 1, 2025, the very day Plaintiff Smith's FMLA leave ended, Defendant Aspen Products terminated Plaintiff Smith's employment. The termination letter stated that Plaintiff Smith quit.

21. Plaintiff called Defendant's human resources representative to explain that he did not quit, he wanted to return to work, and expected to be released to work at his upcoming June doctor's appointment.

22. Plaintiff Smith requested that Defendant Aspen Products reconsider its termination decision and explained that he expected to be released to work at his upcoming doctor's appointment.

23. Defendant responded simply stating that because Plaintiff's FMLA leave expired, there was nothing the company could do about it.

24. Plaintiff Smith's doctor released him to work without restrictions on June 10, 2025.

25. If Defendant Aspen Products had accommodated Plaintiff Smith with a leave of absence until June 10, 2025, he could have returned to work for Defendant Aspen Products.

26. Defendant Aspen Products denied Plaintiff Smith a reasonable accommodation and terminated his employment because of his disability.

## COUNT ONE: ADA DISCRIMINATORY DISCHARGE

27. Plaintiff Smith incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

28. At all times relevant hereto, Plaintiff Smith had a disability or was regarded as disabled by Defendant Aspen Products. 29 C.F.R. § 1630.2(g).

29. At all times relevant hereto, Plaintiff Smith had or was regarded as having a condition that substantially limits major life activities, including, but not limited to lifting, reaching, pushing, and pulling pursuant to 42 U.S.C. § 12102(2)(A) and 29 CFR § 1630.2(i)(1)(i), and which limits the operation of major bodily functions, such as the nervous and musculoskeletal system and motor functioning.

30. Plaintiff Smith was at all relevant times qualified for his position and able to perform all the essential functions of this position with or without a reasonable accommodation(s).

31. Defendant Aspen Products terminated Plaintiff Smith's employment because of his disability and/or because it regarded him as disabled.

32. As a direct result of Defendant Aspen Products' termination of Plaintiff Smith's employment, Plaintiff Smith has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

33. Plaintiff Smith incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

34. At all times relevant herein, Plaintiff Smith had a disability or was regarded as disabled by Defendant Aspen Products. 29 C.F.R. § 1630.2(g).

35. At all times relevant hereto, Plaintiff Smith had or was regarded as having a condition that substantially limits major life activities, including, but not limited to lifting, reaching, pushing, and pulling pursuant to 42 U.S.C. § 12102(2)(A) and 29 CFR § 1630.2(i)(1)(i), and which limits the operation of major bodily functions, such as the nervous and musculoskeletal system and motor functioning.

36. Plaintiff Smith was at all relevant times qualified for his position and able to perform all the essential functions of this position with or without a reasonable accommodation.

37. Despite Plaintiff Smith's request for reasonable accommodations of an additional leave until his next doctor's appointment (June 10, 2025), Defendant Aspen Products discriminated against the qualified Plaintiff Smith by failing to provide reasonable accommodations during his employment.

38. Defendant Aspen Products failed to provide Plaintiff Smith with the reasonable accommodation of leave from March 1 - June 10, 2025 and further violated the ADA by terminating his employment because of his disability after failing to provide this leave. Had Defendant Aspen Products given Plaintiff Smith the requested leave accommodation, this leave would have allowed Plaintiff Smith to return and perform the essential functions of his job (to the extent he was not able to perform this at the time of his termination).

39. Defendant Aspen Products failed to engage in an interactive process regarding said accommodations and said accommodations did not impose an undue hardship on Defendant Aspen Products' business. 42 U.S.C. § 12112(b)(5)(A).

40. As a direct result of Defendant Aspen Products' refusal to provide Plaintiff Smith with reasonable accommodations, Plaintiff Smith has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Smith respectfully prays this Court grant the following relief:

a. That Plaintiff Smith have and recover from Defendant Aspen Products lost back pay and benefits, with prejudgment interest thereon;

b. That the Court reinstate Plaintiff Smith or in the alternative award front pay and benefits in an amount sufficient to compensate him for the loss of future salary and fringe benefits;

c. That Plaintiff Smith have and recover compensatory damages in an amount to be determined by a jury;

d. That Plaintiff Smith have and recover punitive damages in an amount to be determined by a jury;

e. That Plaintiff Smith recover his attorneys' fees, litigation expenses, and costs pursuant to all applicable federal laws; and

f. Any and other such further relief this Court or the Finder of Fact deems equitable and just.

**Plaintiff Smith demands a trial by jury.**

Respectfully submitted, this 1st day of December, 2025.

        By:   ***/s/ Julie H. Burke***
                Julie Burke
                GA Bar No. 448095
                HILL, KERTSCHER & WHARTON, LLP
                3625 Cumberland Boulevard SE, Suite 1050
                Atlanta, Georgia 30339
                Telephone:  770-953-0995
                E-mail:  jb@hkw-law.com

                *Attorney for Plaintiff Eric Smith*